

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUDRY DALY                                              CIVIL ACTION

VERSUS                                                  NUMBER: 00-251

CHARLES R. FULBRUGE, III,                               SECTION: "B"(5)
CLERK, ET AL.

REPORT AND RECOMMENDATION

This Bivens[1]/ action was filed in forma pauperis by pro se plaintiff, Audry Daly, against defendants, Charles R. Fulbruge, III, Clerk of the United States Court of Appeals for the Fifth Circuit; LaTonya Grant, a Deputy Clerk of the United States Court of Appeals for the Fifth Circuit; other unknown Deputy Clerks; Ruth Elkins, Secretary to Circuit Judge Henry A. Politz of the United States Court of Appeals for the Fifth Circuit; and, Nanette Florea, Secretary to Circuit Judge Henry A. Politz of the United States Court of Appeals for the Fifth Circuit.

---

[1]/ See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Daly is a federal prisoner serving a one hundred twenty-one month sentence following an August 28, 1996 conviction for conspiracy with intent to distribute cocaine in <u>United States v. Daly, et al.</u>, Cr. 96-182 "N"(6). Daly's conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the Fifth Circuit. <u>United States v. Daly</u>, 132 F.3d 1454 (5th Cir. 1997)(table).

Thereafter, on November 13, 1998, Daly filed a motion to vacate under 28 U.S.C. §2255 in which she raised ten claims for relief. (Rec. doc. 209, Cr. 96-182). Following briefing by the parties, on March 15, 1999, judgment was entered denying Daly's §2255 motion. (Rec. docs. 220, 221, Cr. 96-182). On March 29, 1999, Daly filed a motion for certificate of appealability ("COA") which was denied on April 7, 1999. (Rec. docs. 226, 227, Cr. 96-182). It is following the latter denial that the occurrences set forth in the above-captioned complaint allegedly occurred.

On April 16, 1999, Daly alleges that she inadvertently mailed a second motion for COA to the Offices of Judge Politz in Shreveport, Louisiana, rather than to the Fifth Circuit Clerk's

2

Office here in New Orleans. After receiving no acknowledgment of receipt of the COA request for some four months, Daly alleges that she had a relative call Judge Politz' Office who was told to call the Fifth Circuit directly as the matter was pending before that Court. Upon calling the Fifth Circuit, Daly's realtive was allegedly told that the matter was pending and that there was no further information available.

Subsequently, on August 13, 1999, Daly alleges that she corresponded directly with Judge Politz requesting the status of her case. No response was forthcoming. On September 23, 1999, Daly alleges that she sent a second such letter to Judge Politz. On October 13, 1999, Daly states that she received a letter "supposedly" written by Judge Politz informing her that her application for COA had been denied by the Fifth Circuit on September 1, 1999. The letter also told Daly that the COA request she had inadvertently sent to the Judge's Office in April of 1999 had been forwarded to the Fifth Circuit immediately upon receipt. In the meantime, on September 28, 1999, Daly had received a copy of the order from the Fifth Circuit dated September 1, 1999 denying

3

her motion for COA. (See <u>United States v. Daly</u>, No. 99-30362 (5th Cir. Sept. 1, 1999)(unpublished order)(copy attached)). Quoting a portion of that order which reads, "[a]lthough Daly did not file a separate notice of appeal, her COA request in the district court evidences an intent to appeal and was filed within the period for a timely notice of appeal...", Daly somehow concludes that the request for COA which she had inadvertently sent to Judge Politz was intercepted by the named defendants pursuant to a conspiracy and was never presented to and considered by the Fifth Circuit, thus resulting in the denial of her request for COA. Daly seeks a declaratory judgment and a considerable amount of compensatory and punitive damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact. <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous.

Daly alleges that the COA request that she inadvertently mailed to Judge Politz rather than the Fifth Circuit Clerk's Office was intercepted by the named defendants and was therefore never considered by the Fifth Circuit Judge who ultimately denied the request.  In this regard, Daly is mistaken.  As shown by the attachments appended hereto, Daly filed two separate requests for COA, one in this Court and one in the Fifth Circuit.  The former, filed on March 29, 1999, was denied by the District Judge on April 7, 1999.  The second, filed in the Fifth Circuit on April 27, 1999, was denied by that Court on September 1, 1999.  The portion of the Fifth Circuit's order that Daly quotes is factually accurate; she never filed a separate notice of appeal in the district court in the form prescribed by Rule 3(c) of the Federal Rules of Appellate Procedure.  Instead, she filed her first request for COA which the Fifth Circuit properly construed as evidencing an intent to appeal and thus invoking that Court's appellate jurisdiction.  Daly's second request for COA differs from the one she had filed here and even references this Court's earlier denial.  The second request was filed in the Fifth Circuit more than four months before that

Court ruled on the matter and was duly considered by that tribunal.[2] Daly's claim herein is totally devoid of factual support. Moreover, in order to set forth a claim for denial of access to the Courts under Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977), a prisoner must establish that the acts or omissions of which she complains caused her "actual injury" by preventing her from pursuing a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996). No such showing is made here. Daly's suit is frivolous and should be dismissed as such.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

---

[2] In denying the request for COA before it, the Fifth Circuit noted that Daly had abandoned her claim regarding the denial of her right of allocution at sentencing, a claim she urged both in her motion under §2255 and in her first request for COA in the district court. This further demonstrates that the Fifth Circuit properly considered the arguments set forth in Daly's second request for COA.

6

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 29 day of February, 2000.

_____
UNITED STATES MAGISTRATE JUDGE